Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the

_Southern_ District of _Florida_

_Miami_ Division

| | |
|---|---|
| *Lee Michael Harrison* | )     Case No. _____ |
| _____ | )     *(to be filled in by the Clerk's Office)* |
| Plaintiff(s) | ) |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| -v- | ) |
| | ) |
| *See Attached* | ) |
| _____ | ) |
| Defendant(s) | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* | ) |
| *with the full list of names. Do not include addresses here.)* | ) |

FILED BY _____ D.C.

JUN 29 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | *LEE MICHAEL HARRISON* |
| All other names by which you have been known: | *MICHAEL HARRISON* |
| ID Number | *72144 066* |
| Current Institution | *FDC MIAMI, (FEDERAL DETENTION CENTER)* |
| Address | *33 NE 4th ST* |
| | *MIAMI       FL       33132* |
| | City            State            Zip Code |

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | *J. PEREZ* |
| Job or Title *(if known)* | *CASE MANAGER* |
| Shield Number | |
| Employer | *BUREAU OF PRISONS* |
| Address | *FCI MIAMI   15801 SW 137th AVE* |
| | *MIAMI.       FL       33177* |
| | City            State            Zip Code |

[X] Individual capacity    [ ] Official capacity

Defendant No. 2

| | |
|---|---|
| Name | *K. ANDINO* |
| Job or Title *(if known)* | *LIEUTENANT* |
| Shield Number | |
| Employer | *BUREAU OF PRISONS FCI MIAMI* |
| Address | *15801 SW 137th AVE* |
| | *MIAMI.       FL       33177* |
| | City            State            Zip Code |

[X] Individual capacity    [ ] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name                     L. MELA
    Job or Title *(if known)*   SPECIAL INVESTIGATIVE SERVICES
    Shield Number
    Employer             BUREAU OF PRISONS FCI MIAMI
    Address              15801 SW 137th AVE

                     MIAMI          FL      33177
                     *City*            *State*     *Zip Code*

                    [X] Individual capacity     [ ] Official capacity

Defendant No. 4
    Name                     GONZALEZ
    Job or Title *(if known)*   SPECIAL INVESTIGATIVE SERVICES
    Shield Number
    Employer             BUREAU OF PRISONS FCI MIAMI
    Address              15801 SW 137th AVE

                     MIAMI          FL      33177
                     *City*            *State*     *Zip Code*

                    [X] Individual capacity     [ ] Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.     Are you bringing suit against *(check all that apply)*:

        [X] Federal officials (a *Bivens* claim)

        [ ] State or local officials (a § 1983 claim)

B.     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C.     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

*See Attached*

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐   Pretrial detainee

☐   Civilly committed detainee

☐   Immigration detainee

☐   Convicted and sentenced state prisoner

☒   Convicted and sentenced federal prisoner

☐   Other *(explain)*

## IV.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

*See Attached*

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose.

*See Attached*

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_SEE ATTACHED_

D.    What are the facts underlying your claim(s)? *(For example: What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

_SEE ATTACHED_

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

_SEE ATTACHED_

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

_SEE ATTACHED_

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII.   Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

FCI Miami   15801 SW 137th Ave   Miami, FL 33177   ,   FDC Miami   33 NE 4th St   Miami, FL 33132

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

See Attached

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

[X] Yes  *Explanation in Subsection E & F*

[X] No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

[ ] Yes

[ ] No

E.  If you did file a grievance:

1.  Where did you file the grievance?

SEE ATTACHED

2.  What did you claim in your grievance?

SEE ATTACHED

3.  What was the result, if any?

SEE ATTACHED

4.  What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

SEE ATTACHED

F.     If you did not file a grievance:

    1.     If there are any reasons why you did not file a grievance, state them here:

    2.     If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*SEE Annexed*

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☒ Yes

☐ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s)  LEE MICHAEL HARRISON

Defendant(s)  WARDEN E. CARLTON, FCI MIAMI

2.  Court *(if federal court, name the district; if state court, name the county and State)*

SOUTHERN DISTRICT OF FLORIDA (MIAMI DIVISION)

3.  Docket or index number

1:21-CV-21072-JEM

4.  Name of Judge assigned to your case

JOSE E MARTINEZ

5.  Approximate date of filing lawsuit

3/16/21

6.  Is the case still pending?

☒ Yes

☐ No

If no, give the approximate date of disposition. _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

PENDING

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☒ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.   Docket or index number

_____

4.   Name of Judge assigned to your case

_____

5.   Approximate date of filing lawsuit

_____

6.   Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:

Signature of Plaintiff _____

Printed Name of Plaintiff   *Lee Michael Harrison*

Prison Identification #   *72144066*

Prison Address   *FDC Miami   PO Box 019120*

*Miami*                    *FL*          *33101*
City                         State          Zip Code

### B.   For Attorneys

Date of signing: _____

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Address _____

_____
City                         State          Zip Code

Telephone Number _____

E-mail Address _____

Bivens

United States District Court
for the
Southern District of Florida
Miami Division

Lee Michael Harrison
-v-
J.Perez
K.Andino
.Mela
.Gonzolez
.Medina-Reyes
L.Funteio
.Piteno
K.Roberson
T.Hill
E.Garcia
A.Lamb
E.Carlton
J.Weyrich
United States of America

B. THE DEFENDANTS:

1. J. Perez
   Case Manager
   Bureau of Prisons
   FCI Miami
   15801 SW 137th Ave
   Miami, FL 33177

2. K. Andino
   Lieutenant
   Bureau of Prisons
   FCI Miami
   15801 SW 137th Ave
   Miami, FL 33177

3. SIS Tech .Mela
   Special Investigative Services
   Bureau of Prisons
   FCI Miami
   15801 SW 137th Ave
   Miami, FL 33177

4. SIS Tech .Gonzalez
   Special Investigative Services
   Bureau of Prisons
   FCI Miami
   15801 SW 137th Ave
   Miami, FL 33177

TRULINCS  72144066 - HARRISON, LEE MICHAEL - Unit: MIM-E-E
--------------------------------------------------------------------------------------------------

5.  Dr. Medina-Reyes
    Psychology
    Bureau of Prisons
    FCI Miami
    15801 SW 137th Ave
    Miami, FL 33177

6.  L .Piteno
    Lieutenant
    Bureau of Prisons
    FCI Miami
    15801 SW 137th Ave
    Miami, FL 33177

7.  L. Funteio
    Nurse Practitioner
    Bureau of Prisons
    FCI Miami
    15801 SW 137th Ave
    Miami, FL 33177

8.  T.Hill
    Case Manager
    Bureau of Prisons
    FDC Miami
    33 NE 4th St
    Miami, FL 33132

9.  E.Garcia
    Case Manager
    Bureau of Prisons
    FDC Miami
    33 NE 4th St
    Miami, FL 33132

10. A. Lamb
    Unit Manager
    Bureau of Prisons
    FDC Miami
    33 NE 4th St
    Miami, FL 33132

11. E. Carlton
    Warden
    Bureau of Prisons
    FDC Miami
    33 NE 4th St
    Miami, FL 33132

12. J.Weyrich
    Captain
    Bureau of Prisons
    FDC Miami
    33 NE 4th St
    Miami, FL 33132

13. K.Roberson
    Officer in Charge

TRULINCS  72144066 - HARRISON, LEE MICHAEL - Unit: MIM-E-E

--------------------------------------------------------------------------------

FDC Miami
33 4th St
Miami, FL 33132

14. The United States of America   

## II. BASIS OF JURISDICTION

A. Federal Officials (Bivens Claim)

B. N/A

C. Violations

    1. 8th Amendment (Cruel and Unusual Punishment)-(Due Process)-(Civil Conspiracy)

    2. 1st Amendment (Retaliation)

    4. 8th Amendment (Deliberate Indifference to Safety)

D.

Case Manager J. Perez
Lieutenant K. Andino
SIS Tech .Mela
SIS Tech .Gonzalez
Psychology . Medina-Reyes
Nurse Practioner L. Funteio
Lieutenant L .Piteno
Case Manager T. Hill
Case Manager E. Garcia
Unit Manager A. Lamb
Warden E. Carlton
Captain J. Weyrich
Officer In Charge K. Roberson
*~~Lieutenant Officer Charles~~ (Unknown Last Name)*

The following statement please apply to all the above mentioned defendants.
(The defendants were and or are employed by the Bureau of Prisons and during working hours violated my Constitutional Rights)

Page 3 of 11

IV. STATEMENT OF THE CLAIM:

CLAIM#1- 8TH AMENDMENT- DUE PROCESS-CIVIL CONSPIRACY:

During the period of time between February of 2020 and lasting until October 30, 2020, the Petitioner was a victim of a Civil Conspiracy and extortion at the Federal Correctional Institution at Miami (FCI Miami). The Civil Conspiracy consisted of members of the Bureau of Prisons and a member of the FBI helping to facilitate the introduction of contraband into the facility thru inmates and correctional officers. The Petitioner was approached by Case manager J. Perez in his office in February of 2020. This initial conversation layed out the foundation and facilatation of the Civil Conspiracy. The Petitioner would begin by working with inmates to acquire contraband and then eventually would be able to work directly with specific or what Case manager Perez called "Dirty Cops". The Petitioner was promised and assured that he would recieve maximum RRC placement, immunity from disiplinary action and further rewards.

The Petitioner's participation in this matter lasted the entire 8 months or all of his time he spent at FCI Miami. The Petitioner later realized that Case Manager Perez had already enlisted his cellmate since September of 2019. Making this Conspiracy a common practice. The Petitioner's participation consisted of financial managment of payments, recording of all transactions and locations of contraband locations. All of these transactions, locations and conversations were written in ledgers then the originals were delivered to the conspirators of this claim. The transactions were later emailed to mia/sis@bop.gov and to an email set up by Special Agent Carlos (unknown last name) (neptunehustler@outlook.com). The conspirators of this claim are Case Manager J. Perez, SIS Lieutenant K. Andino, SIS Tech Mela, SIS Tech Gonzoles and Special Agent Carlos (unknown last name). The transactions would be passed to the conspirators via original paper requests thru Dr. Medina-Reyes, Counselor K. Roberson, Nurse Practioner L. Funteio. The Petitioner has a back up of all these transactions.

The contraband consisted of cell phones, cell phone chargers, K-2, Suboxne, Pain Pills, Steriods, Clembuterol and Nutrional Supplements. The organizers of this Conspiracy were also involved in the investigation and arrest of a correctional officer and 2 inmates the year prior. In November of 2019 Kathleen Hawk the director of the Bureau of Prisons testified in front of the judicary committee about the problems at FCI Miami and the issues of cell phones in prison. During this Conspiracy the locations of contraband would be given by the recorded phone line in the beginnning to 305-255-6049, then later to the main office number at 305-259-2128. The locations would be mapped and either hand delieverd to the SIS office by the Petitioner or delievered to one of the before mentioned employees.                Page 4 of 11

TRULINCS  72144066 - HARRISON, LEE MICHAEL - Unit: MIM-E-E
--------------------------------------------------------------------------------

       In July of 2020 after another location was reveled to SIS a search and seizure of a cell was staged. The search produced Suboxne and a cell phone and its charger.  After the search the officer in charge that day witnessed the Petitioners roomate facilitating the cell phone being slipped under the door of the searched cell.  After the SIS search the officer in charge Correctional Officer Robles searched the Petitoners and his roommates cell.  During this search the officer found a cell ohone charger.  Durning the search the Petitioners roommate entered the cell and told Officer Robles to leave the cell immedietly and contact SIS Lieutenant K. Andino that it was a matter of life or death.  Officer Robles did so and locked the Petitioner and his cell mate in their room.  SIS later came and searched the Petitoners room.  SIS confiscated two bags full of items and then locked the Petitioner and his roommate back in.  The next day the Petitioner and his roomate were summoned to the Lieutenants Office and there the Petitioner was given a 300 series shot for anything unauthorized and his roomate was also given a shot and was told that it was fake. The Cell phone and cell phone charger was returned to the Petitioner and his roommate.

       On July 17, 2020 the Petitioner was bribed by Lieutenant K. Andino of SIS to take responsibilty for an incident involving the Petitioners roommate.  While the Petitioner was in the shower the Petitioners roommate was caught on a cell phone.  Even though the shot clearly states that the Petitoners roommate had possesion of the phone.  As part and partial to the bribery Lieutenant K. Andino gave the Petitioner an envelope with 400 stamps as partial payment.  During the weeks following the incident Case Manager J. Perez, Lieutenant K. Andino, SIS Tech Mela and SIS Tech Gonzalez told the Petitioner not to worry that the disiplinary hearing wouldn't even take place.  Due to this incident the Petitioner has filed a 2241 in the Southern District of Florida challenging this sanction.  These continued false reports, bribes and the changing of the disiplinary outcomes is the common practice at FCI Miami.

       On September 2, 2020 The Petitioner is called to the Counselors office to perform the Disiplinary hearing for the shot that was wrote on July 17, 2020. This was a complete surprise to the Petitioner and Lieutenant Piteno who was helpful in hiding The Petitioners work from other inmates. The Petitioner asked Lieutenant Piteno was he really going to have a DHO hearing and Lieutenant Piteno states its on the schedule.  Lieutenant Piteno picks up the phone and asks the DHO officer is there anything on the shot or did he recieve an email from Lieutenant Andino stating that the shot was not supposed to be infront of him.  The DHO officer states there is nothing there.  Lieutenant Piteno states to the DHO well he shouldnt be in front of you he works with them.  He states there is nothing he can do about it.  He sanctions the Petitioner to 6 months loss of email, commissary, 30 days disiplinary segregation on the shelf and loss of 41 days GCT.  The Petitoner stays quiet like he was instructed to by SIS Mela and Lieutenant Andino and accepts his sanctions.  Lieutenant Piteno states to the Petitioner she is sorry and that Lieutenant K Andino is on vacation and that she will talk to her as soon

TRULINCS  72144066 - HARRISON, LEE MICHAEL - Unit: MIM-E-E
---------------------------------------------------------------------------------------------------
as she returns and they will get it fixed.                                                    Page 4 of 11

        On October 12, 2020 the Petitioner and his roommate's cell was searched and contraband was seized.
All the contraband that was seized was brought in by  correctional officers and was held in the Petitioners cell in accordance
with SIS and Case Manager J. Perez.  On October 17, 2020 Case Manager J. Perez pulls the Petitioner from his cell and
explains to him how he wanted the Petitioner and his roomate to respond at the UDC Hearing. On October 18, 2020, Case
Manager J. Perez returns and pulls the Petitioner's roommate for UDC and threatens that he better not make waves or it will
be the worst thing either of them ever did.  After the Petitioner's roommate returns mad, Case Manager J. Perez pulls the
Petitioner and shows him that his statement has already been filed out for him taking full responsibility for the incident.
Case Manager J. Perez states "you and Meyer better not make any waves about this, or ill bury you in the SHU, transfer you
across the country and make sure that you get new charges."  He then literally signs the Petitioner's name and asks the
Officers to return him to his cell.

        On October 30, 2020 the Petitioner was made to call his son from the office line in the SHU.  Case
Manager J. Perez and the Petitioner were the only two in the office.  Case Manager J. Perez directs the Petitioner to call his
son and tell him to call the roommates fiance' and tell her to not call the Warden, the newspapers, or the Rabbi's.  Later that
same day the Petitioners roommate is pulled to R and D and returns an hour later. The Petitioners roommate is returning to
the SHU the Petitioner is being taken to R and D.   Awaiting at R and D is FCI Miami's exectuive staff.  This includes Warden
Jenkins, Associate Warden Broton, Associate Warden Colbert, and Captain Soodeko.  During this meeting the entire civil
conspiracy and due process violations are layed out to the executive staff.  Approximately, 30 minutes later the Petitioner is
again summoned by the executive staff to the SIS office.  The Petitioner is asked now to prove the allegations set forth by
the Petitioner and his roommate.  The Petitioner proceeds to present all the allegations and documention that he backed up
on his cell phone.  This same one was used to communicate with Case Manager J. Perez, SIS and Special Agent Carlos.
Captain Soodeko asks for an offical statement from the Petitioner, then states "we are transferring you to FDC Miami for
your safety, I cannot let Case Manager Perez or SIS hurt you anymore."

        On March 4, 2021 while housed at FDC Miami. The Petitioner is cleared by the Disiplinary Hearing
Officer Cloutier for the incident on October 12, 2020 at FCI Miami.  The Petitioner would also like to note that FDC Miami is
the sister facility of FCI Miami and officers are used at both facilites and are members of the same union.

        To the best of the Petitioner's knowledge Case Manager J. Perez, Lieutenant K Andino, SIS Tech Mela,
SIS Tech Gonzolez, and Special Agent Carlos (unknown last name) have been suspended pending OIG and OIA investigation
for the Government Misconduct and events layed out in the Civil Conspiracy and Due Process claims.

VI. STATEMENT OF THE CLAIM:

CLAIM#2-1ST AMENDMENT RETALIATION, 8TH AMENDMENT (DELIBERATE INDIFFERENCE TO SAFETY)

On or around February 5, 2021 the Petitioner gave Correctional Officer King a BP Sensitive 9 to give to Unit Manager Lamb since the whole unit was on lockdown.  The Petitioner never saw the transaction of the BP Sensitive 9 but on February 18, 2021 the Petitioner was confronted by 5 inmates in a cell about the events that happened at FCI Miami. From that moment until now the Petitioner has been extorted or "paying to play" to keep from having to check into the SHU or to be assaulted.  The payments that the Petitioner's family has had to pay over the last 3 months is $3,750.00.

On March 26, 2021 the Petitioner met with OIA Newsome.  The purpose of this meeting was for the Petitioner to outline the events of FCI Miami for the investigation and for OIG.  At the meeting the Petitioner told OIA Newsome that a Correctional Officer or a Case Manager had shown the BP Sensitive 9 to inmates.  OIA Newsome stated to the Petitioner that he return on Monday. (as of today the Petitioner still has not seen OIA Newsome again or has not even been acknowledged.)  Later on the same day the Petitioner is once again pulled into another inmates cell, the Petitioner is again faced with defending himself from further acts of violence due to the Deliberate Indifference of the Petitioners Safety from the Officers.  Again on April 19, 2021 the Petitioner spoke to Case Manager T. Hill about the issues he is facing, Case Manager T. Hill clearly states she knows that specific inmates are aware of the FCI Miami situation and that his safety is at risk and that the Petitioner should check into the SHU.  The Petitioner states he will not check into the SHU after the way that he was treated previously and he will not be put at risk to contract Covid-19 again.  Case Manager T. Hill refuses to help the Petitioner or move him to another floor despite her knowledge of potential problems and risk that the Petitioner is taking on a daily basis.

The Petitioners former roommate was moved from another floor for his safety while the Petitioner is being denied this security measure.  This extortion was further explained to DR. Schumacher on April 8, 2021 in a private meeting in the Echo East multi purpose room.  The Petitioner on numerous occasions has tried to use his Administrative Remedy to help with the ending of this extortion by emailing Warden E. Carlton on the dates of April 14th, 16th, 19th and again on May 21, and July 1st 2021 asking to speak in private about the current situation at FDC Miami with the inmates with either himself. Captain Weyrich or OIA Newsome.

Page 4 of 11

IV. STATEMENT OF THE CLAIM:

### CLAIM#3-8TH AMENDMENT- DELIBERATE INDIFFERENCE TO SAFETY:

I was originally placed into the Special Housing Unit at FCI Miami under Administrative Detention on October 12, 2020.  I was then transferred to FDC Miami on October 30, 2020, and was tested for Covid-19, and tested negative.  I was tested at FDC Miami, on November 3, 2020 and again November 16, 2020, and both times were found to be negative.  During my housing in Administrative Detention, I was housed in the SHU, that was used for the inmates that were coming into the facility from the outside, and could have come in contact with, or been infected with, the virus.  I was exposed to these inmates, before they had received their initial test.  After testing they were taken to a Quarantine floor.  I was never placed on that floor.

While I was being housed in the SHU at FDC Miami, I was subjected to re-used Styrofoam trays, some of which, contained left over food particles.  I watched as these trays were dumped, then stacked for re-use. I was not provided hand sanitizer, and went without hot water from November 19, 2020 until December 3, 2020.  Thus denying me proper hand washing.  I was further subjected to possible Covid-19 infected people, due to bi-weekly cell rotations, in the SHU.  I would be required to move cells every 14 days, and be placed into another cell, without being able to properly clean or disinfect it. The cleaning supplies in the SHU were rarely accessible, so at that point, cleaning the cells before relocating, was not a common practice.

On December 9, 2020, after feeling the symptoms of disorientation, fever and excessive diarrhea, I requested the Physicians Assistant to see me.  Physicians Assistant J. Perez returned to the following morning and tested me for Covid-19.  Later in the day I was informed that I had tested positive for Covid-19.  That same evening I showed the used Styrofoam trays to Lieutenant Fazenbaker and was then placed and re-located to the correct housing for Covid-19 Inmates.

After becoming less symptomatic, I was returned to the SHU, into the same section with potentially infected inmates, until I was finally released into general population.  The practice of cleaning the cells before rotating inmates only became a practice, after a breakout in the faculty, and my return to the SHU.

Page 4 of 11

### CLAIM#4 JOINTLY AND SEVERLY FTCA: (NEGLIGENT HIRING, TRAINING AND SUPERVISION)

The Petitioner believes that the United States of America should have to answer his FTCA Claims for

TRULINCS  72144066 - HARRISON, LEE MICHAEL - Unit: MIM-E-E

--------------------------------------------------------------------------------

negligent hiring, training and supervision, for the following reasons.   Had the United States, not been so Negligent, in their

Hiring and training and Supervision of their Prison Officials, this Civil Conspiracy, Due process violations could not have

taken place.  Since they were negligent in those aspects, it lead to more Due process violations and retaliation.  Because, of

the lack of supervision.  "False Reports" went unnoticed, and inmates were allowed to control the Disciplinary Reports, by

payments, with the guidance of officers.  Due to the BOP Director Kathleen Hawk Sawyer, and her testimony in November of

2019, in regards to these same issues at FCI Miami, for the United States, to not better Supervise that facility, is Negligent,

based on that they knew of a Security Risk and ignored it.

         The United States of America should have to answer the Petitioners FTCA Claim, in regards to catching

Covid-19, at FDC Miami.  FDC Miami was not set up appropriately for Covid-19 Quarantine Protocols.  Due to this, "special

housing inmates" were housed with individuals off the streets.  During this housing, inmates were rotated between cells, and

the cells were not always cleaned or disinfected first.  Officers, were also re-using, Styrofoam trays in the Special Housing

Unit.  Due to the Unites States, negligence in preparing this facility for Covid-19, Quarantine Protocols, Mr. Harrison

contracted this deadly virus, that is a Pandemic in this Country.

V. INJURIES:

    1.  Irreparable Harm on the Petitioner and future Medical problems unknown from Covid-19.  *As of 6/17/21*
*THE PETITIONER HAS BEEN BEEN IN TREATMENT FOR COPD.*
VI. RELIEF:

    1.  The Petitioner is praying upon the court for 5 million in punitive damages for Covid-19, and Government Misconduct.

The Petitoner has not had his Life Sustaining CPAP Machine for months or his legal work. Loss of his Job which has caused

the non ability to participate in the FRP Program.  The Petitioner as of now has lost 41 days of Good Conduct Time.

Page 5 of 11

VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES:

E. GRIEVANCES:

    1. Starting in October of 2020 from FCI Miami by request to staff asking for attorney client calls, counselors and a call to a government agent Scott Bray with Office of the Inspector General.  Grievances were also filed on November 27, December 9 of 2020 via BP 8's and Bp 9's directly to Case Manager Garcia and Unit Manager Lamb at FDC Miami.  On February 5, 2021 a Bp Sensitive 9 was given directly to Correctional Officer King and was told was given to Unit Manager Lamb.  Then finally on March 22, 2021 a BP Sensitive 9 was mailed Directly to region and to date not one of these official grievances have been receipted, copied or replied to.

    2. The claims of the grievances are restoration of 41 days of GCT due to government misconduct.  My property for my cpap machine, legal documents, access to my central file, re-entry plan, mistakes on my custody classification sheet, and the current extortion of the Petitioner by fellow inmates.

    3.  As of today there has been no resolution to any Administrative Remedies.

    4. The Petitioner has filed a 28 USC 2241 in the Southern District of Florida to restore his loss of 41 days of GCT>

F.  NOT APPLICABLE:

G. EXHIBITS OF THE EXHAUSTION OF ADMINISTRATIVE REMEDIES:

    #1 28 USC 2241

    #2-5 Exhibits used for 28 USC 2241

    #6 Email to Case Manager Coordinator

    #7 Email to Warden Carlton at FDC Miami

    #8 Email to R and D Roberson

    #9 Email to Warden Carlton

    #10 Email to Warden Carlton                                 Page 7 of 11

    #11 Email to Warden Carlton

    #12 Email to Warden Carlton

    #13 Email to R and D Roberson and Response

    #14 Request to Staff to Mr. Colzie and Warden Jenkins FCI Miami

    #15 Request to Staff to Case Manager E. Garcia

TRULINCS  72144066 - HARRISON, LEE MICHAEL - Unit: MIM-E-E
--------------------------------------------------------------------------------

#16 Bp Sensitive 9 to Region

#17 Email to Warden Carlton

Les Michael Harrison # 72144066
Po Box 019120
FDC Miami
Federal Detention Center
Miami, FL 33101

LEGAL MAIL

Special Mail

U.S.M.S.
INSPECTED
BY:

Clerk of Court
Wilkie D Ferguson Jr
United States Courthouse
Southern District of Florida
Miami Division
400 N. Miami Ave
Miami, FL 33128

Put into Inmate Mail System on 6/21/21

